# VIRGINIA:

*In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on Thursday the 24th day of March, 2022.*

Present: Mims, Powell, Kelsey, McCullough, and Chafin, JJ., and Russell and Millette, S.JJ.


Rachel Hurley Kittrell,
 as Member of Hurley, LLC, et al.,                                                    Appellants,

 against              Record No. 201419
                      Circuit Court No. CL18-64

Susan H. Fowler, et al.,                                                              Appellees.


                                          Upon an appeal from an order
                                          entered by the Circuit Court of Middlesex
                                          County.


In this interlocutory appeal, Appellants challenge the circuit court's decision overruling

their demurrer and allowing Appellees to proceed with their claims.  Upon consideration of the

record, briefs, and argument of counsel, the Court is of opinion that the decision of the circuit

court should be reversed.

## I.  Background

Walter Hurley, Sr. and his wife, Margaret, had two daughters, Susan H. Fowler and Lisa

H. Foster (collectively, the "Appellees"), and one son, Walter Hurley, Jr.  Before Walter, Sr.'s

death, Walter, Sr., Margaret, and Walter, Jr. each owned approximately one-third of Hurley,

LLC.  When Walter, Sr. died on April 28, 2006, his interest in Hurley, LLC passed to Walter, Jr.,

his tangible personal property passed to Margaret, and the remainder of his property passed to

the Walter Boyd Hurley Revocable Trust (the "Walter Sr. Trust").  Walter, Jr. served as trustee

of the Walter Sr. Trust, and as such, he was to distribute assets to provide for Margaret during her lifetime and distribute any remaining trust assets to his siblings after Margaret's death.

On May 15, 2006, Margaret signed a document entitled "Sales Verification" transferring her interest in Hurley, LLC to Walter, Jr. in exchange for a promissory note in the amount of $950,000 (the "Hurley Transaction").[1]

In July 2007, Margaret created her own revocable trust, the Margaret H. Hurley Living Trust ("Margaret's Living Trust"), which provided that upon Margaret's death, any residual trust property should be distributed equally between her children. However, Margaret's Living Trust specifically indicated that Walter, Jr. should not receive a share of the trust after Margaret's death.

In September 2008, Margaret signed a document entitled "First Amendment to the Margaret H. Hurley Living Trust." In the amended trust agreement, Margaret specifically stated that she "intentionally, and with full knowledge, chose[] not to provide for [her] child WALTER B. HURLEY, JR., or his issue" as he received "Five Hundred Thousand Dollars ($500,000.00) in disclaimed assets and the Fair Market Value ("FMV") of the campsite properties." Thus, Appellees were to receive the living trust properties in two equal shares.

On March 8, 2013, Walter, Jr. closed Margaret's checking account titled "Margaret H. Hurley Living Trust" at the Colonial Bank of Gloucester and opened a new account bearing the same title. On April 1, 2013, a check for $999,999.00 was written on the new account and was made payable to "Margaret's Future Trust." Appellees contend this check was repayment for the promissory note given in exchange for Margaret's 2006 sale of her one-third interest in Hurley,

---

[1] A $950,000 check dated May 15, 2006, and payable to "Margaret H. Hurley" from Hurley, LLC appears in the record. However, the check does not appear to have been negotiated.

2

LLC to Walter, Jr.

On April 15, 2013, Margaret purportedly signed a document entitled "Second Amendment to the Margaret Hurley Living Trust," which provided that if Margaret resigned as the trustee of her living trust, Walter Jr. would become the substitute trustee. On the same date, Margaret purportedly signed another document entitled "Margaret's Future Trust," creating an irrevocable trust for the benefit of Walter, Jr.'s children, of which Walter, Jr. was named the trustee.

On April 19, 2013, Walter, Jr. made two deposits into the new checking account: one for $1,000,000.00 and one for $36,000.00. On April 22, 2013, Margaret resigned as trustee of Margaret's Living Trust.

On April 16, 2014, Margaret died, and her living trust became irrevocable. Per the terms of the trust, William Farinholt became the trustee and personal representative of Margaret's estate. Appellees became suspicious of Walter, Jr.'s handling of Margaret's assets. In early 2017, Farinholt confronted Walter, Jr. on Appellees' behalf. On May 16, 2017, Walter, Jr. died by suicide. Walter, Jr.'s will directed that the assets of his estate passed to the Nanba-wan Sai Trust for the benefit of his children.

On February 28, 2018, Appellees filed a complaint against Margaret's Future Trust, the Estate of Walter, Jr., and the Nanba-wan Sai Trust, seeking an accounting of each party's assets, restitution, and the imposition of a constructive trust on the assets of the trusts based on Walter, Jr.'s alleged fraudulent conduct, unjust enrichment, and breach of fiduciary duty as trustee of Walter, Sr.'s and Margaret's estates. The defendants filed a demurrer and plea in bar. The demurrer specifically alleged that Appellees failed to name the trustees of the trusts or the

3

executors of Walter, Jr.'s estate as defendants, failed to attach the pertinent trust documents, and failed to state a cause of action.

Appellees filed a motion to join the proper parties and attached a First Amended Complaint. The parties submitted an agreed order to the circuit court granting Appellees' motion to join parties and setting a briefing schedule for responsive pleadings. The defendants filed a demurrer and plea in bar to Appellees' First Amended Complaint. Following a hearing, the circuit court overruled both the demurrer and plea in bar and the case was set for trial.

On April 29, 2019, Appellees filed a motion for leave to file a Second Amended Complaint, which proposed to add claims relating to the Hurley Transaction and join the relevant members of Hurley, LLC as defendants. Specifically, the Second Amended Complaint requested that the circuit court declare the Hurley Transaction void and award Appellees an "amount of damages that is equivalent to the value of Margaret's interest in Hurley, LLC as of the date of Margaret's death." The defendants opposed Appellees' motion, contending that the Appellees lacked standing to assert Counts 5, 6, 7, 8, and 9 of the Second Amended Complaint (the "Hurley Claims").[2] The circuit court granted Appellees' motion for leave to amend, specifically stating that the "new issues raised are, in fact, intertwined with the existing issues. Standing, as well as any other issues, can be argued upon proper motions."

---

[2] In Counts 5-9, Appellees sought the imposition of a constructive trust on the assets of Hurley, LLC for Appellees' benefit; requested an accounting of Hurley, LLC's assets; requested that Hurley, LLC be required to make restitution to Appellees in the form of all assets they should have received from Margaret at the time of her death, plus interest from that date; and sought to unwind the 2006 Hurley Transaction and Margaret's Future Trust because they were both products of Walter, Jr.'s undue influence and breach of fiduciary duty. Appellees only seek relief to the extent the claims apply to the 2006 Hurley Transaction.

The defendants filed a demurrer and plea in bar, contending, among other things, that Appellees lack standing to assert the Hurley Claims because neither Appellee was the personal representative of Margaret's estate. The circuit court heard arguments on the demurrer,[3] after which it ruled that "because [Walter, Jr.] basically, allegedly formed [the trust] documents making himself in a representative capacity, I'll overrule the demurrer and allow the claim to go forward."

The defendants at that time, Rachel H. Kittrell, Sarah G. Hurley, and Walter Hurley, III as members of Hurley, LLC, and William and Rachel Edwards as trustees of Margaret's Future Trust and Executors of Walter, Jr.'s estate, and Rachel Edwards as trustee of the Nanba-wan Sai Trust (collectively, the "Appellants"), sought an interlocutory appeal of the circuit court's ruling as to standing pursuant to Code § 8.01-670.1. Although the circuit court consented, Appellees withheld their consent.

In January 2020, Appellants filed a "Verified Petition for Writs of Prohibition and Mandamus" in this Court. On September 8, 2020, this Court dismissed Appellants' petition. On July 1, 2020, the General Assembly's amendment to Code § 8.01-670.1 went into effect. The amendment removed the requirement that all parties consent to an interlocutory appeal. *See* 2020 Acts ch. 907. On October 1, 2020, Appellants once again sought interlocutory review of the circuit court's decision as to Appellees' standing. The circuit court certified Appellants' interlocutory appeal to this Court.

---

[3] The defendants' plea in bar to the Appellees' Second Amended Complaint remains pending in the circuit court. The arguments contained therein are not at issue in this interlocutory appeal.

**II. Analysis**

In this interlocutory appeal, Appellants contend that the circuit court "improperly conferred standing on [Appellees] to pursue claims to challenge and unwind the arms-length sale by their mother, Margaret, of her minority interest in Hurley, LLC in 2006." We agree with Appellants.

This issue presents a question of law that we review de novo on appeal. *See Platt v. Griffith*, 299 Va. 690, 692 (2021). "To establish standing, it is essential for a litigant to 'show an immediate, pecuniary, and substantial interest in the litigation, and not a remote or indirect interest.'" *Id.* (quoting *Westlake Prop., Inc. v. Westlake Pointe Prop. Owners Ass'n*, 273 Va. 107, 120 (2007)). "Virginia law establishes that '[t]he personal representative, not a beneficiary of the estate, is the proper party to litigate on behalf of the estate and that is true even when the personal representative is also a possible beneficiary of the estate.'" *Id.* (quoting *Reineck v. Lemen*, 292 Va. 710, 722 (2016)); *see also* Code § 1-234.

Appellees maintain that Margaret's Living Trust, a revocable trust created in 2007, would have received title to Margaret's minority share in Hurley, LLC upon her death in 2014 but for the sale of her interest to Walter, Jr. in 2006. Appellees further theorize that because they were the ultimate remainder beneficiaries of Margaret's Living Trust, they would have received Margaret's minority interest in Hurley, LLC upon her death. Therefore, they seek to unwind the 2006 Hurley Transaction between Margaret and Walter, Jr. based upon Walter, Jr.'s alleged undue influence over Margaret and his breach of fiduciary duty.

Notably, the 2006 Hurley Transaction occurred approximately one year before the creation of Margaret's Living Trust, disposing of Margaret's minority interest in Hurley, LLC well before the creation of her revocable trust. Consequently, Margaret's minority interest was

6

never to be a trust asset. As remainder beneficiaries of Margaret's Living Trust, Appellees are legal strangers to the 2006 Hurley Transaction because they never obtained an interest in Margaret's minority interest.

Assuming arguendo that a claim exists for the rescission of the 2006 Hurley Transaction, the claim belongs to Margaret's estate as it would have belonged to Margaret during her lifetime. Upon her death in 2014, any viable claim relating to the sale of her minority interest in Hurley, LLC passed to her estate and may only be pursued by the estate's personal representative. *See Platt*, 299 Va. at 693; *see also* Code §§ 8.01-25, 64.2-519, and 64.2-520. Because neither Appellee is the personal representative of Margaret's estate, they lack standing to bring such a claim.

For the reasons stated, we reverse the circuit court's decision on these issues, dismiss Appellees' claims relating to the 2006 Hurley Transaction, and remand to the circuit court for further proceedings consistent with this order.

This order shall be published in the Virginia Reports and certified to the Circuit Court of Middlesex County.

A Copy,

Teste:

Clerk

7